In The United States District Court
For The Western District of Texas
San Antonio Division

| | |
|---|---|
| JONATHAN PEARSON AND CATHY PEARSON,<br>*Plaintiffs,*<br><br>vs.<br><br>DEPUTY VICTOR LOMELI, DEPUTY JD AGUILAR, COMAL COUNTY SHERIFF'S OFFICE, AND COMAL COUNTY TEXAS.<br>*Defendants.* | §<br>§<br>§<br>§<br>§<br>§   Civil Action No. 5:25-CV-00838<br>§<br>§<br>§<br>§<br>§<br>§<br>§ |

## PLAINTIFFS' ORIGINAL COMPLAINT

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COME** JONATHAN PEARSON and CATHY PEARSON, hereinafter referred to by as Plaintiffs, and complain of DEPUTY VICTOR LOMELI ("Lomeli"), DEPUTY JD AGUILAR ("Aguilar"), COMAL COUNTY SHERIFF'S OFFICE ("CCSO") and COMAL COUNTY ("CC").

## I.
## PARTIES

1. Plaintiff, Jonathan Pearson, is an individual residing in Comal County, Texas.

2. Plaintiff, Cathy Pearson, is an individual residing in Comal County, Texas.

3. Defendant, Victor Lomeli, may be served with process at his place of employment, located at Comal County Sheriff's Office, 3005 W. San Antonio Street, New Braunfels, Texas 78130.

4. Defendant, Deputy JD Aguilar, may be served with process at his place of employment, located at Comal County Sheriff's Office, 3005 W. San Antonio Street, New Braunfels, Texas 78130.

5. Defendant Comal County Sheriff's Office is a law enforcement agency operating within the County of Comal, Texas. For purposes of this lawsuit, the Comal County Sheriff's Office is considered as an entity capable of being sued through its governing body, which is the County of Comal. Service of process may be made upon the Comal County Sheriff's Office by serving its head, the Comal County Sheriff, at the department's principal office located at Comal County Sheriff's Office, 3005 W. San Antonio Street, New Braunfels, Texas 78130.

6. Defendant Comal County Texas is a municipal entity organized under the laws of the State of Texas. It may be served with process by serving the Comal County Commissioners' Court, located at 150 North Seguin, New Braunfels, Texas 78130.

## II.
## JURISDICTION & VENUE

7. This Court has subject matter jurisdiction over the present action because Plaintiffs' complaint arises under the United States Constitution and federal statutes.

8. This court has jurisdiction over this action under 42 U.S.C. §§ 1983.

9. Venue is proper in this Court pursuant to 42 U.S.C. § 1983.

## III.
## FACTS

10. On or about January 11, 2024, Plaintiffs received a phone call from Rebecca Wilkerson Finlay notifying them that their son, Dakota Pearson, had shot himself and was deceased. Plaintiffs and Dakota's brother immediately rushed to the scene of the shooting located at 390 York Town Drive, Canyon Lake, Texas 78133. Upon arrival, Plaintiffs saw two Comal County Sheriff's Office patrol vehicles parked outside the residence but initially did not see any uniformed officers. Ms. Finlay and her family members were present outside, visibly distressed, and confirmed the tragic news.

11. Plaintiffs, driven by panic, disbelief, and the urgent hope that Dakota might still be saved,

approached the front door. As Plaintiff Cathy Pearson neared the entrance, she was suddenly and violently seized by Deputy JD Aguilar, who was acting under color of state law and in his official capacity as an officer with the Comal County Sheriff's Office. Without warning, provocation, or lawful justification, Deputy JD Aguilar lifted Mrs. Pearson—who posed no threat—off her feet and forcefully slammed her against the trunk of a police vehicle. This use of force was wholly unnecessary and grossly disproportionate under the circumstances where Mrs. Pearson was unarmed, grieving, and only trying to access the home where her son lay.

12. Plaintiff Jonathan Pearson, witnessing his wife's violent apprehension, approached in fear and desperation, calling out to officers to stop. In response, Deputy Victor Lomeli, also acting under the color of state law and in his official capacity as an officer with the Comal County Sheriff's Office, tackled Mr. Pearson to the ground. During the apprehension, Deputy Lomeli broke Mr. Pearson's finger and exacerbated a recently surgically repaired shoulder, despite Mr. Pearson's immediate protest and warning about his medical condition. As a direct result of the physical trauma and emotional shock, Mr. Pearson experienced a seizure at the scene. Due to the seizure, Mr. Pearson suffered temporary memory loss and had to be re-informed that his son had passed, deepening the emotional trauma of the moment.

13. At no time did Plaintiffs pose any threat to officers or others. They were unarmed, did not resist, and were visibly and understandably distraught in the wake of discovering their son's suicide. There was no warrant for their arrest, no probable cause to believe they had committed any crime, and no justification for the violent use of force employed against them.

14. As a result of the Defendants' excessive, unjustified, and objectively unreasonable use of force, Plaintiffs suffered significant physical injuries and severe emotional distress. Plaintiff Cathy Pearson sustained bruising, abrasions, and lasting emotional trauma from being violently thrown against a police vehicle. Plaintiff Jonathan Pearson suffered a fractured finger, aggravation of a

prior shoulder injury requiring additional medical treatment, and neurological symptoms related to his seizure. Additionally, both Plaintiffs endured profound emotional anguish due to the circumstances surrounding their son's death, compounded by the trauma of being assaulted by law enforcement at the scene. Plaintiffs have experienced sleep disturbances, anxiety, depression, and a loss of enjoyment of life. These injuries were foreseeable and proximately caused by the Defendants' conduct.

### IV.
### COUNT 1 - 42 U.S.C. § 1983; EXCESSIVE FORCE

15. Plaintiffs file this complaint under 42 U.S.C. § 1983. Defendants Deputy Lomeli and Deputy JD Aguilar infringed upon Plaintiffs' Fourth Amendment rights, as incorporated by the Fourteenth Amendment, against the use of excessive and unreasonable force.

16. Plaintiffs' claims arise from the allegation that Defendants Deputy Lomeli and Deputy JD Aguilar used excessive and unnecessary force against Plaintiffs while under color of law, which resulted in the deprivation of rights, privileges, or immunities secured by the Constitution or laws of the United States, leading to severe injuries and damages.

17. Furthermore, Plaintiffs allege that the County of Comal is also liable under 42 U.S.C. § 1983 due to failure to properly train and supervise its police officers, contributing to the actions that resulted in harm.

18. The resulting injuries and damages of Plaintiffs were directly and proximately caused by the conduct of the Defendants, Deputy Lomeli and Deputy JD Aguilar, and the County of Comal.

### V.
### COUNT 2 – 42 U.S.C. § 1983; MUNICIPAL LIABILITY

19. Plaintiffs plead that their constitutional rights were violated when they were injured by Defendants Deputy Lomeli and Deputy JD Aguilar. Plaintiffs' injuries directly resulted from Defendants, Deputy Lomeli and Deputy JD Aguilar's excessive use of force.

20. As such, CCSO and CC are also liable under 42 U.S.C. § 1983 for failing to supervise and adequately train its police officers. CCSO's and CC's failure to supervise and adequately train its police officers, and their willful blindness towards the constitutional violations of its employees, constitute gross negligence and/or deliberate and conscious indifference to the people's rights, including the right to free from excessive force, unreasonable search, and seizure and the rights conveyed to Plaintiffs as applied through 42 U.S.C. Sections 1983.

21. Additionally, municipalities may be held liable under 42 U.S.C. § 1983 for constitutional torts that are committed pursuant to a policy, procedure, practice, or custom of the city. Even if CCSO and CC's practice of overlooking constitutional torts was not authorized by an officially adopted policy, the practice may be so common and well-settled that it fairly represents official policy.

22. In the present case, the CCSO's and CC's formal and informal actions reflect a policy, practice, custom, and procedure authorizing and allowing the use of excessive force that violated Plaintiffs' civil rights. Consequently, CCSO and CC are liable for harm caused to others, such as Plaintiffs, as a result of their policies, practices, customs, and procedures.

23. Defendants CCSO and CSA are liable for the constitutional torts of its agents, such as Defendants Deputy Lomeli and Deputy JD Aguilar. Because CCSO and CC have sanctioned the following customs, practices, and policies:

    (A) Using excessive force to carry out otherwise routine arrests or stops;

    (B) Using excessive force when such force is not necessary or permitted by law;

    (C) Ignoring the serious need for adequate training and supervision of its officers in regard to the use of force;

    (D) Failing to adequately supervise and/or observe its officers; and

    (E) Failing to adequately train officers regarding the availability of alternative means of

    detaining persons other than the use of force or deadly force; and

  (F) Deliberately acting indifferent to the safety and the constitutional rights of the public in adopting these training and supervision policies and customs; and

24. At the time Defendants Deputy Lomeli and Deputy Aguilar injured Plaintiffs, they were acting pursuant to an official CCSO and CC policy, practice, custom, and procedure of inadequate training regarding police officers' excessive use of force.

25. Thus, CCSO's and CC's policies were a direct cause of Plaintiffs' injuries. In particular, CCSOs' and CC's policies caused Plaintiffs to be deprived of their constitutional rights to be free from unlawful seizures and from the use of objectively unreasonable force under the Fourth and Fourteenth Amendments as applied through 42 U.S.C. Section 1983 and 1988.

## VI.
## PUNITIVE DAMAGES

26. Plaintiffs incorporate the facts of Section IV. FACTS, and plead that the above-referenced acts and/or omissions by Defendants constitute malice, intent, and/or wanton disregard for the safety of Plaintiffs.

## VII.
## ATTORNEYS' FEES

27. Pursuant to the Civil Rights Attorney's Fees Award Act, 42 U.S.C.S. § 1988, a prevailing party in a § 1983 case is entitled to recover their attorney's fees. Hence, Plaintiffs further pray for all costs and attorney fees associated with bringing the present case to trial.

## VIII.
## DESIGNATION -MANNER OF SERVICE

28. Plaintiffs designate the following manner of service of all pleadings, motions, discovery documents, notices, and other documents pertaining to this suit:

  **VIA EMAIL ONLY TO:** alfonso@bafidislaw.com

29. Unless agreed in writing by Plaintiffs, the service of any document in any manner other

than as stated herein, including fax and mail, shall be deemed as improperly served.

## IX.
## JURY DEMAND

30. Plaintiffs hereby demand a trial by jury on all issues so triable.

## X.
## REQUEST FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs respectfully request judgment against Defendants for:

(A) Pain and suffering in the past and future;
(B) Mental anguish in the past and future;
(C) Past and future medical expenses;
(D) Physical impairment in the past and future;
(E) Physical disfigurement in the past and future;
(F) Loss of past wages;
(G) Future loss of earning capacity;
(H) Reasonable attorney fees;
(I) Pre-judgment and post-judgment interest; and
(J) Punitive damages.

RESPECTFULLY SUBMITTED,

*/s/Alfonso Bafidis*
Alfonso Bafidis
SBN: 24122795
alfonso@bafidislaw.com
BAFIDIS LAW INJURY FIRM, P.L.L.C.
P.O. Box 792
Helotes, Texas 78203
Tel: 210-942-6633
*Attorney for Plaintiffs*