IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JONATHAN PEARSON and | § | |
| CATHY PEARSON, | § | |
| *Plaintiffs*, | § | |
| | § | |
| v. | § | Case No. 5:25-cv-00838-JKP-HJB |
| | § | |
| DEPUTY VICTOR LOMELI, | § | |
| DEPUTY JD AGUILAR, | § | |
| COMAL COUNTY SHERIFF'S OFFICE, and | § | |
| COMAL COUNTY, TEXAS, | § | |
| *Defendants*. | § | |

## COMAL COUNTY SHERIFF'S OFFICE AND COMAL COUNTY'S 12(b)(6) MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Defendants, **Comal County, Texas** ("the County") and **Comal County Sheriff's Office** ("CCSO") (collectively "Defendants"), file this Motion to Dismiss Plaintiff's First Amended Complaint (Dkt. 14) because (1) the Comal County Sheriff's Office is a non-jural entity that has no independent legal standing separate and apart from Comal County, Texas, and (2) Plaintiffs have not plausibly pled a *Monell* claim against the County of Comal pursuant to 42 U.S.C. § 1983. Accordingly, these Defendants file this Motion to Dismiss, and in support thereof would respectfully show the Court as follows:

## I.    IDENTIFICATION OF LIVE PLEADINGS & SUMMARY OF CLAIMS[1]

### A. Plaintiffs have sued Comal County Sheriff's Office and Comal County pursuant to 42 U.S.C. § 1983.

1.    Plaintiffs Jonathan Pearson and Cathy Pearson's[2] live pleading is "Plaintiffs' First Amended Complaint," which was filed on September 25, 2025.[3]

2.    As to Comal County Sheriff's Office, Plaintiffs plead that "for the purposes of this lawsuit, the Comal County Sheriff's Office is considered as an entity capable of being sued through its governing body…".[4]

3.    Against Comal County, Plaintiffs generally plead that Comal County is liable for the alleged constitutional violations of Deputy Victor Lomeli and Deputy JD Aguilar because the County has "sanctioned the following customs, practices, and policies…".[5] Plaintiffs then conclusionary plead that the County had various impermissible written and unwritten customs and practices. Plaintiffs' Complaint fails to plead the specific text of any unconstitutional written policy adopted by Comal County. Plaintiffs' Complaint also fails to include and describe <u>prior incidents</u> that were sufficiently similar, specific and numerous to plausibly plead a *Monell* claim against Comal County based on an unwritten custom or practice.

4.    The County and the Sheriff's Office now file this Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).

---

[1] For the purposes of this Motion to Dismiss only, the Defendants recite the factual allegations as based on Plaintiffs' Original Complaint (Dkt. 1).

[2] Hereinafter "Plaintiffs" collectively and "Mr. Pearson" and "Ms. Pearson" respectively.

[3] Pls. First Am. Compl., pg. 1, Dkt. 14.

[4] *Id.* at ¶ 5.

[5] *Id.* at ¶ 22.

## II.    LEGAL STANDARD

### A.  Standard for Dismissal under Rule 12(b)(6).

5.    Pursuant to Rule 12(b)(6), a court must dismiss a complaint if it fails to state a claim upon which relief can be granted.[6] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."[7] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[8] "To withstand a Rule 12(b)(6) motion, [a] complaint must allege 'more than labels and conclusions," and "a formulaic recitation of the elements of a cause of action will not do."[9]

### B.  *Monell* Standard at the 12(b)(6) Stage.

6.    A County cannot be sued directly under 42 U.S.C. §1983 based solely on allegations that its employees transgressed the Constitution.[10] Since the Supreme Court's seminal decision in *Monell*, it has long been established that "[a] plaintiff may not recover against a municipality via theories of respondeat superior…".[11]  Instead, to maintain a claim against a governmental unit such as a County, a plaintiff has to plausibly allege claims that establish "the municipality itself" is "responsible for the constitutional violation."[12]

7.    This type of claim is called a *Monell* claim. To succeed on a *Monell* claim, the plaintiff must show that: "(1) an official policy (2) promulgated by a municipal policy maker (3) was the

---

[6] FED. R. CIV. P. 12(b)(6).
[7] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).
[8] *Iqbal*, 556 U.S. at 678.
[9] *Norris v. Hearst Tr.*, 500 F.3d 454, 464 (5th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555).
[10] *Martinez v. Nueces County*, 71 F.4th 385, 389 (5th Cir. 2023).
[11] *Id*.
[12] *Id*.

moving force behind the violation of a constitutional right."[13] Since *Monell* was decided, subsequent jurisprudence has held that "[a]n unofficial policy or custom such as the decisions of a government's law-makers, the acts of its policymaking officials, and practices, can suffice for purposes of showing the existence of an official policy—but only if it is so persistent and widespread as to practically have the force of law." [14]

8.    The Fifth Circuit regularly affirms a district court's decision to grant a 12(b)(6) Motion to Dismiss against plaintiffs who fail to plead facts that can support a *Monell* claim. Recently, in both *Verastique* and *Martinez*, the Fifth Circuit has issued published decisions affirming dismissal because a plaintiff failed to _comprehensively_ plead a plausible *Monell* claim.[15] "[T]hreadbare recitals of the elements of the cause of action, supported by mere conclusory statements" will not do.[16]

## III.    <u>ARGUMENTS & AUTHORITIES</u>

### A. Comal County Sheriff's Office is a non-jural entity that accordingly cannot be independently sued.

9.    Defendant Comal County Sheriff's Office is a non-jural entity that has no independent legal standing separate and apart from Comal County, Texas. It is well settled that a plaintiff may not bring a claim against a servient political agency or department unless such agency or department enjoys a separate and distinct legal existence.[17] "Unless the political entity that created the department has taken explicit steps to grant the servient agency with jural authority, the

---

[13] *Webb v. Town of St. Joseph*, 925 F.3d 209, 216 (5th Cir. 2019) (citing *Davidson v. City of Stafford*, 848 F.3d 384, 395 (5th Cir. 2017)).
[14] *Verastique v. City of Dallas, Tex.*, 106 F.4th 427, 432 (5th Cir. 2024); *see also Martinez*, 71 F.4th at 389.
[15] *Id*.
[16] *Thornton v. Dallas Cnty.*, No. 3:23-CV-1945-D, 2024 WL 3357840, at *4 (N.D. Tex. July 10, 2024).
[17] *Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313 (5th Cir. 1991).

department lacks the capacity to sue or to be sued."[18] "Plaintiff has the burden of showing that the unit or department has the capacity to be sued."[19] Here, Plaintiffs have pled no "no facts demonstrating a grant of jural authority" and their claims against the Sheriff's Office should accordingly be dismissed as a matter of law.[20]

**B. Plaintiffs' Complaint fails as a matter of law to plausibly plead *Monell* liability against Comal County under 42 U.S.C. §1983.**

**a. Plaintiffs have not plausibly plead that there was a pattern of prior incidents sufficient to establish that the County had an unwritten policy that permitted an underlying Constitutional violation.**

10.    Here, Plaintiffs do not specifically plead or identify the text of any official <u>written</u> policy at Comal County that permitted the alleged unconstitutional conduct. However, as the Fifth Circuit noted in *Martinez,* "[a] *Monell* claim does not [always] require the plaintiff to identify a written policy."[21] But here, Plaintiffs have also failed to plausibly plead any facts that would permit this Court to infer that unofficial policy or custom was the moving force of the alleged underlying Constitutional violation.  As the Fifth Circuit noted in *Benfer,* this is because "a plaintiff proves the existence of a custom ***by showing a pattern*** of abuses that transcends the error made in a single case."[22] In *Weisshaus* the Fifth Circuit upheld a 12(b)(6) dismissal of a *Monell* claim, holding that:

> In order to find a municipality liable for a policy based on a pattern, that pattern must have occurred for so long or so frequently that the course of conduct warrants the attribution to the governing body of knowledge that the objectionable conduct

---

[18] *Crull v. City of New Braunfels, Tex.*, 267 Fed. Appx. 338, 341 (5th Cir. 2008).

[19] *Thorson v. Polk Cnty. Dist. Attorney's Office*, No. 9:24CV144, 2025 WL 2315667, at *2 (E.D. Tex. June 30, 2025), *report and recommendation adopted sub nom. Thorson v. Polk Cnty. Dist. Attorney's Office*, No. 9:24-CV-144, 2025 WL 2308087 (E.D. Tex. Aug. 8, 2025).

[20] *Grado v. Dimmitt Police Dep't*, No. 2:24-CV-147-Z-BR, 2025 WL 1297464, at *3 (N.D. Tex. Mar. 11, 2025), *report and recommendation adopted*, No. 2:24-CV-147-Z-BR, 2025 WL 1296221 (N.D. Tex. May 2, 2025).

[21] *Martienz*, 71 F.4th at 389.

[22] *Benfer v. City of Baytown, Tex.*, 120 F.4th 1272, 1286 (5th Cir. 2024), *cert. denied,* 145 S. Ct. 1313 (2025) (emphasis added).

---

is the expected, accepted practice. A pattern requires ***similarity, specificity, and sufficiently numerous prior incidents***.[23]

Thus, to survive a motion to dismiss, a plaintiff's "description of a policy or custom and its relationship to the underlying constitutional violation cannot be conclusory; ***it must contain specific facts***" of prior incidents.[24]

11.     Plaintiffs have failed to plausibly plead a practice or custom at Comal County with prior incidents such that "the course of conduct warrants attribution to the governing body of knowledge that the objectionable conduct is the expected, accepted practice."[25] Their *Monell* claim must accordingly be dismissed.

> **b.  Plaintiffs have also not plausibly plead a *Monell* claim for the County's alleged failure to train or supervise Deputy Lomeli or Deputy Aguilar.**

12.     Plaintiffs' failure to plausibly plead prior incidents is also dispositive of any failure to train or supervise claim. As articulated by the Fifth Circuit in *Hutcheson*:

> To establish a failure-to-train claim, a plaintiff must 'prove that (1) the city failed to train or supervise the officers involved; (2) there is a causal connection between the alleged failure to supervise or train and the alleged violation of the plaintiff's rights; and (3) the failure to train or supervise constituted deliberate indifference to the plaintiff's constitutional rights.'[26]

To show deliberate indifference in a failure to train or supervise claim, "a plaintiff normally must allege a pattern of similar constitutional violations by untrained employees."[27] As discussed *supra*, Plaintiffs' pleadings have failed in that task.

---

[23] *Weisshaus v. Teichelman*, No. 22-11099, 2024 WL 620372 at *6 (5th Cir. Feb. 14, 2024), *cert. denied,* 145 S. Ct. 285 (2024) (emphasis added).
[24] *Id*. (emphasis added).
[25] *Davidson v. City of Stafford, Tex.*, 848 F.3d 384, 396 (5th Cir. 2017).
[26] *Hutcheson v. Dallas Cnty., Tex.*, 994 F.3d 477, 482 (5th Cir. 2021) (citing *Pena v. City of Rio Grande City*, 879 F.3d 613, 623 (5th Cir. 2018) (cleaned up)).
[27] *Id*.

13.     In sum, Plaintiffs have failed to plausibly plead *Monell* liability against the County under any theory, and the §1983 claims in the Complaint as written should be dismissed.

## IV.    PRAYER

WHEREFORE PREMISES CONSIDERED, Defendants the County of Comal and the Comal County Sheriff's office respectfully request that the Court dismiss Plaintiffs' claims against them as implausibly plead, and for all other and further relief to which it may be justly entitled in either law or equity.

Respectfully submitted,

**WRIGHT & GREENHILL, P.C.**
4700 Mueller Blvd., Suite 200
Austin, Texas  78723
(512) 476-4600
(512) 476-5382 – Fax

By:_____/s/ Stephen B. Barron_____
      Stephen B. Barron
      State Bar No. 24109619
      sbarron@w-g.com
      Blair J. Leake
      State Bar No. 24081630
      bleake@w-g.com

**ATTORNEYS FOR DEFENDANTS**

**CERTIFICATE OF CONFERENCE**

I hereby certify that the undersigned has complied with the Court's Standing Order in Civil Cases Assigned to Judge Jason Pulliam (ECF No. 3). On August 26, 2025, the undersigned conferred with Plaintiffs' counsel via letter sent by email advising him of: (1) the perceived deficiencies in Plaintiffs' Original Complaint and the basis for dismissal, (2) the deadline to file and Advisory of Intent to Amend and deadline to file an Amended Complaint, and (3) provided a copy of the Court's Standing Order (ECF No. 3). Plaintiffs timely filed their Advisory to Amend on September 3, 2025 (EFC No. 12). After a brief extension, Plaintiffs timely filed their Amended Complaint on September 25, 2025 (EFC No. 14). Plaintiffs' First Amended Complaint remains deficient.

_____/s/ Stephen B. Barron_____
Stephen B. Barron

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 23rd day of October, 2025, a true and correct copy of the foregoing document was caused to be served upon all counsel of record via E-File/E-Service and/or E-Mail, in accordance with the Federal Rules of Civil Procedure.

_____/s/ Stephen B. Barron_____
Stephen B. Barron
